# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

* * *

| | |
|---|---|
| GEORGE ABRAHAM, et al., <br><br> Plaintiffs, <br><br> v. <br><br> TURNBERRY/MGM GRAND TOWERS, LLC, a Nevada LLC, et al., <br><br> Defendants. | 2:11-cv-01007-JCM-RJJ <br><br> **REPORT & RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE** <br><br> Defendants' Motion to Compel Arbitration (#18) |

This matter is before the Court on the Defendants' Motion to Compel Arbitration (#18). The Court has also reviewed the Response (#25) and the Reply (#31).

## BACKGROUND

The Signature at MGM Grand (Signature) is a luxury condominium hotel project developed and sold by the Defendants. The Defendants marketed and sold Signature condominium units under a uniform Purchase and Sale Agreement (PSA) to the Plaintiffs between January 2004 and October 2005. The Plaintiffs brought this lawsuit against the Defendants on June 21, 2011.

This action is the latest in a series of nine related actions, each filed by the same attorneys representing the Plaintiffs that purchased luxury condominiums in Signature, pursuant to the uniform PSA. Each PSA has an arbitration provision that requires the parties to submit their disputes arising out of the PSA to arbitration. The Defendants allege that each PSA signed by the Plaintiffs contained an arbitration provision that was identical to the one signed by George Abraham. See Motion to Compel (#18), Exhibit A § 24.10.

Both the Nevada Supreme Court and this Court have previously ordered arbitration in other cases filed in connection with the arbitration agreement in the PSAs. The first action, filed by Plaintiffs' counsel in 2007, was compelled to arbitration by the Clark County District Court. The Plaintiffs disputed that order compelling arbitration and appealed to the Nevada Supreme Court. The Supreme Court affirmed the district court's order. *KJH & RDH Investor Group, LLC et al. v. Turnberry/MGM Grand Towers, LLC et al.*, Case No. A547024. Similarly, the second of these actions, on removal to the U.S. District Court for the District of Nevada, was also compelled to arbitration. *Sussex v. Turnberry/MGM Grand Towers, LLC*, 2:08-CV-0773-MMD-PAL, 2009 WL 3753914, *1 (D. Nev. June 16, 2009).

The Defendants assert that the identical arbitration agreement in this case was found valid and enforceable both by the Nevada Supreme Court and this Court. The Defendants further argue that the Plaintiffs have filed this action, nearly four years after the first, as another attempt to circumvent their obligations to submit to arbitration.

## DISCUSSION

### I.  Existence of Arbitration Agreements

The Plaintiffs argue that the Defendants' motion to compel arbitration should be denied because the Defendants have not actually proven that each Plaintiff entered into an arbitration agreement. The Plaintiffs base their argument on the fact that the Defendants did not include copies of the PSAs executed by each individual plaintiff.

> Defendants seek to compel arbitration of the claims of 102 individual Plaintiffs, yet their motion attaches evidence of an arbitration agreement with only one Plaintiff, George Abraham. Defendants have therefore failed to meet their burden of showing that the other 101 individual Plaintiffs each executed an arbitration agreement.

Response (#25) at 2. Defendants argue that the Plaintiffs' complaint in this matter has already indicated that each of the plaintiffs signed a Purchase and Sale Agreement (PSA) which contains an "arbitration provision." Amended Complaint (#13) at 22 (referring to "the arbitration provision").

The Ninth Circuit has held that, under the Federal Arbitration Act (FAA), "the district court's role is limited to determining whether a valid arbitration agreement exists and, if so,

1 whether the agreement encompasses the dispute at issue. If the answer is yes to both questions,
2 the court must enforce the agreement." *Lifescan, Inc. v. Premier Diabetic Services, Inc.*, 363 F.3d
3 1010, 1012 (9th Cir. 2004). While the Plaintiffs argue that the Defendants have not proven that
4 an arbitration agreement actually exists between the Defendants and each individual plaintiff, the
5 Defendants maintain that each PSA was identical and, therefore, arbitration agreements exist.  As
6 the Defendants point out, the Plaintiffs have essentially conceded that the PSAs were identical
7 and that they contained a uniform arbitration provision.

**II.     Enforceability of the Arbitration Agreement**

9        Without putting forth any facts that would actually support their assertion, the Plaintiffs
10 argue that the arbitration provision is unenforceable as to these plaintiffs due to procedural
11 unconscionability.  The Plaintiffs have requested a 60 day continuance of this case in order to
12 allow them the necessary time to submit evidence of their individual circumstances to establish
13 procedural unconscionability.  Motion to Stay (#24).
14        The Nevada Supreme Court has held that "[a contract] clause is procedurally
15 unconscionable when a party lacks a meaningful opportunity to agree to the clause terms either
16 because of unequal bargaining power, as in an adhesion contract, or because the clause and its
17 effects are not readily ascertainable upon a review of the contract." *D.R. Horton, Inc. v. Green*,
18 120 Nev. 549, 554, 96 P.3d 1159, 1162 (2004). Whereas, substantive unconscionability "focuses
19 on the one-sidedness of the contract terms." *Id*. The Nevada Supreme Court agreed that an
20 arbitration agreement is substantively unconscionable if it lacks a "modicum of bilaterality." *Id* at
21 558, 1165.
22        Here, the Plaintiffs allege that the arbitration agreement is unenforceable because it is
23 procedurally unconscionable.  In a companion case to the present matter, the Nevada Supreme
24 Court held the identical arbitration agreement to be enforceable. The Court explained that, under
25 Nevada law, arbitration agreements are unenforceable, "if they are both procedurally and
26 substantively unconscionable." *KJH & RDA Investor Group, LLC v. Eighth Judicial Dist. Court*
27 *of Nevada*, 2009 WL 1455992 (Nev. April 22, 2009). The text of the arbitration agreement in this
28 case is not substantively unconscionable on its face and the Nevada Supreme Court held as much

in *KJH & RDA Investor Group* when it held the arbitration agreement to be enforceable.

Emphasizing that procedural unconscionability depends on individual facts specific to each individual plaintiff, the Plaintiffs argue that they may still be able to show that the arbitration agreement is procedurally unconscionable.  For this reason the Plaintiffs have requested a 60 day continuance in order to present evidence of procedural unconscionability.[1] However, the Plaintiffs forget that both procedural and substantive unconscionability "must be present in order for a court to exercise its discretion to refuse to enforce a contract or clause under the doctrine of unconscionability." *Soltani v. Western & Southern Life Ins. Co.*, 258 F.3d 1038, 1042 (9th Cir. 2001). The substantive unconscionability element is absent in this case and the Plaintiffs do not contend otherwise. Thus, the arbitration clause of the PSA should be enforced.

## RECOMMENDATION

Based on the foregoing and good cause appearing therefore,

IT IS THE RECOMMENDATION of the undersigned Magistrate Judge that **Defendants' Motion to Compel Arbitration (#18) be GRANTED**.

## NOTICE

Pursuant to Local Rule IB 3-2 **any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court on or before September 11, 2012**. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).  This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court.

---

[1] Some iteration of this matter has been in litigation for years and the enforceability of the arbitration clause has been a perpetually central issue. The instant case was filed on June 21, 2011. Assuming Plaintiffs' counsel knew that procedural unconscionability would be central to the case it strains belief to suppose that no factual investigation has been conducted in this regard. Further, it seems unlikely that an additional 60 days will allow Plaintiffs' counsel to unearth factual evidence of procedural unconscionability if they have failed to do so thus far.

1  *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708
2  F.2d 452, 454 (9th Cir. 1983).
3       DATED this  30th  day of August, 2012.

                                                  ROBERT J. JOHNSTON
                                                  United States Magistrate Judge